ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -   x
                                   :        SEALED INDICTMENT
UNITED STATES OF AMERICA           :
                                   :        21 Cr. _____  (___)
        - v. -                     :
                                   :
RICARDO CRUCIANI,                  :
                                   :        2 1 CRIM 636
              Defendant.           :
                                   :
- - - - - - - - - - - - - - - -   x

**OVERVIEW**

1.     For decades, RICARDO CRUCIANI, the defendant, was
a pain management doctor who treated patients from multiple states
who suffered from, among other things, severe and chronic pain.
Over the course of at least approximately fifteen years, CRUCIANI
sexually abused numerous female patients, and persuaded, induced,
enticed, and coerced certain victims to travel across state lines
to subject them or attempt to subject them to unlawful sexual
abuse.   CRUCIANI exploited and leveraged his position of trust as
a healthcare provider, the significant pain suffered by the
victims, and his ability to prescribe for or withhold pain
medication, including highly-addictive opioids, from the victims,
so that he could sexually abuse them.

**FACTUAL BACKGROUND**

2.     At all times charged in this Indictment, RICARDO
CRUCIANI, the defendant, was a medical doctor who specialized in
pain management.   In particular, between at least in or about 2001

and in or about 2014, CRUCIANI was a practicing pain management doctor employed by and affiliated with a prominent medical hospital and medical center located in Manhattan, New York (the "New York Medical Institution") and maintained medical offices in Manhattan, New York.  Between at least in or about 2013 and in or about 2016, CRUCIANI was a practicing pain management doctor employed by and affiliated with a prominent medical hospital and medical center located in Hopewell, New Jersey (the "New Jersey Medical Institution") and maintained medical offices in Hopewell, New Jersey.  Between at least in or about 2016 and in or about 2017, CRUCIANI was a practicing pain management doctor employed by and affiliated with a prominent medical hospital and university located in Philadelphia, Pennsylvania (the "Pennsylvania Medical Institution") and maintained medical offices in Philadelphia, Pennsylvania.

3.    Between at least in or about 2002 and in or about 2017, RICARDO CRUCIANI, the defendant, abused numerous chronic pain patients who were under his medical care as a pain management doctor.  CRUCIANI sexually abused the victims through a process that typically entailed prescribing pain medication and developing a relationship with the victims, which caused the victims to rely on and trust CRUCIANI as he engaged in a course of increasingly abusive conduct.

4.   In particular, RICARDO CRUCIANI, the defendant, typically used the following means and methods, among others, to facilitate his abuse:

a.   CRUCIANI met with victims alone, including in an examination room or his private office at his medical offices, in a hospital room, in a hotel, or an apartment outside of his medical offices.  Once alone with a victim, CRUCIANI attempted to develop a rapport with the victim by asking her about her personal life and telling her about his own life.  At times, CRUCIANI locked the door of the room while he met with the victim.

b.   CRUCIANI attempted to comfort victims who were in significant pain both verbally and physically by, among other things, caressing their hair, rubbing their backs, hugging them, and kissing them.  CRUCIANI also frequently flirted with victims and complimented their physical appearance.

c.   CRUCIANI prescribed significant quantities of opioids to victims and required victims to return for in-person appointments or visits to obtain prescription refills.

d.   CRUCIANI and the victims knew that: the victims suffered from severe if not excruciating and debilitating pain that significantly impacted their lives; most pain management doctors would not prescribe the same combinations and quantities of pain medication as CRUCIANI; pain management patients were not permitted to obtain opioid prescriptions from more than one doctor;

3

CRUCIANI, at his discretion, could refuse to refill prescriptions; CRUCIANI, at his discretion, could discharge a patient so that they were no longer under his care; and CRUCIANI, at his discretion, could discharge a patient without a referral so that it would be difficult for a patient to find a new pain management doctor.

e.   At times, CRUCIANI met with victims and provided prescriptions and prescription refills to victims from his medical offices.  CRUCIANI also met with at least one victim at the New York Medical Institution and provided pain medication to the victim through the hospital.  At other times, CRUCIANI met with victims and provided prescriptions and prescription refills to victims outside of his medical offices, including at hotels and apartments where he met victims and sexually abused them.

5.   After developing or attempting to develop a rapport with victims, RICARDO CRUCIANI, the defendant, began to engage in a course of physical sexual abuse of the victims.  CRUCIANI did so by, among other things, engaging in the following conduct, which in the case of many victims became increasingly abusive over time: CRUCIANI inserted his tongue into certain victims' mouths; CRUCIANI conducted purported breast examinations and vaginal examinations of certain victims even though he was not a practicing obstetrician or gynecologist; CRUCIANI touched and grabbed certain victims' breasts; CRUCIANI directed certain victims to touch,

manually stimulate, and/or orally stimulate his penis; CRUCIANI touched the genitals of certain victims; CRUCIANI digitally penetrated or attempted to digitally penetrate certain victims' genitals; CRUCIANI simulated vaginal sexual intercourse and anal sexual intercourse with certain victims; CRUCIANI masturbated in the presence of certain victims; CRUCIANI had vaginal sexual intercourse with certain victims; and CRUCIANI ejaculated during the course of certain of the above acts. None of the above sex acts had a legitimate medical purpose.

6. To ensure that he could continue to abuse victims, RICARDO CRUCIANI, the defendant, took various steps to cause and entice victims to return to see him, knowing that certain victims would have to travel from or through other states to attend appointments or visits with him, including appointments or visits at which CRUCIANI sexually abused the victims. CRUCIANI enticed some victims to travel interstate by using various means and methods, including but not limited to the following:

a. CRUCIANI selected how frequently and when a victim would have to meet with him, typically directing the victim to schedule a follow up appointment or visit at a particular time interval, and thereby causing the victim to travel interstate for her appointments or visits.

b. CRUCIANI required the victims to travel for in-person appointments or visits to obtain prescription refills.

c.   When certain victims refused or attempted to refuse to engage in sex acts with CRUCIANI, CRUCIANI retaliated by, among other things, referring the victim to another medical provider who would not prescribe the victim the same combinations or quantities of narcotics that CRUCIANI prescribed.

d.   When CRUCIANI moved his medical practice from New York to New Jersey, CRUCIANI encouraged certain victims to travel to his new medical practice for appointments or visits with him and to continue obtaining pain medication refills from him.

e.   When CRUCIANI moved his medical practice from New Jersey to Pennsylvania, CRUCIANI encouraged certain victims to travel to his new medical practice for appointments or visits with him and to continue obtaining pain medication refills from him.

f.   Through conversations with the victims, sending prescriptions to pharmacies for the victims, and a review of victim medical files, among other ways, CRUCIANI knew at the time he caused and enticed the victims to travel that certain of the victims would travel interstate, to, from, or through the Southern District of New York, among other places, to attend their appointments or visits with CRUCIANI.

### INDIVIDUAL VICTIMS

7.   Among the numerous victims sexually abused by RICARDO CRUCIANI, the defendant, were five adult female patients identified herein as Victim-1, Victim-2, Victim-3, Victim-4, and

Victim-5.   In particular,   and during periods relevant to this Indictment, CRUCIANI engaged in the following acts, among others, with respect to these victims:

<u>Victim-1</u>

8.   Victim-1 was a patient of RICARDO CRUCIANI, the defendant, from at least in or about 2002 to in or about 2003, during which time Victim-1 suffered from severe chronic pain, among other things.   Up to in or about late 2002, Victim-1 lived in New York state.   From in or about late 2002 to in or about January 2003, Victim-1 lived outside of New York state.

9.   From in or about 2002 to in or about 2003, RICARDO CRUCIANI, the defendant, prescribed Victim-1 opioids, among other medications.   CRUCIANI directed Victim-1 to see him in-person at his medical offices in Manhattan, New York, to obtain prescription refills.   During these appointments, CRUCIANI sexually abused and/or attempted to sexually abuse Victim-1.

10.   In or about January 2003, Victim-1 requested her medical records from RICARDO CRUCIANI, the defendant.   CRUCIANI initially would not provide the medical records to Victim-1 or Victim-1's doctors.   At CRUCIANI's direction, Victim-1 traveled from out of state to CRUCIANI's medical offices in Manhattan, New York, to obtain her medical records.   CRUCIANI knew that Victim-1 was traveling from out of state to his medical offices.   Upon

arriving at CRUCIANI's medical offices, CRUCIANI sexually abused and/or attempted to sexually abuse Victim-1.

### Victim-2

11. Victim-2 was a patient of RICARDO CRUCIANI, the defendant, from at least in or about 2003 to in or about 2004, during which time Victim-2 suffered from severe and chronic pain. While a patient of CRUCIANI, Victim-2 lived outside of New York state, and traveled into Manhattan, New York, for appointments with CRUCIANI and to be admitted to the New York Medical Institution at CRUCIANI's direction.

12. From in or about 2003 to in or about 2004, RICARDO CRUCIANI, the defendant, prescribed Victim-2 opioids, among other medications. CRUCIANI directed Victim-2 to see him in-person to obtain prescription refills. CRUCIANI knew that Victim-2 lived outside of New York state and traveled from out of state into New York for appointments and at least one hospital visit scheduled by CRUCIANI. During these appointments and hospital visit, CRUCIANI sexually abused and/or attempted to sexually abuse Victim-2.

### Victim-3

13. Victim-3 was a patient of RICARDO CRUCIANI, the defendant, from at least in or about 2006 to in or about 2014, during which time Victim-3 suffered from severe and chronic pain. From in or about 2008 to in or about 2014, Victim-3 lived outside

of New York state and traveled to Manhattan, New York, for appointments with CRUCIANI.

14.   From in or about 2006 to in or about 2014, RICARDO CRUCIANI, the defendant, prescribed Victim-3 opioids, among other medications.   CRUCIANI directed Victim-3 to see him in-person approximately once a month to obtain prescription refills. CRUCIANI knew that Victim-3 had to travel from out of state into New York for appointments with him.   During certain of these appointments, CRUCIANI sexually abused and/or attempted to sexually abuse Victim-3.

<u>Victim-4</u>

15.   Victim-4 was a patient of RICARDO CRUCIANI, the defendant, from at least in or about 2007 to in or about 2013, during which time Victim-4 suffered from severe and chronic pain. From in or about 2007 to in or about 2012, Victim-4 lived in New York state.   From in or about 2012 to in or about 2013, Victim-4 lived outside of New York state and traveled to Manhattan, New York, for appointments with CRUCIANI.

16.   From in or about 2007 to in or about 2013, RICARDO CRUCIANI, the defendant, prescribed opioids to Victim-4, among other medications.   CRUCIANI directed Victim-4 to see him in-person in order to obtain prescription refills.   CRUCIANI knew that, from in or about 2012 to in or about 2013, Victim-4 was traveling from out of state into New York for appointments with

him.   During these in-person appointments, CRUCIANI sexually abused and attempted to sexually abuse Victim-4.

### Victim-5

17.  Victim-5 was a patient of RICARDO CRUCIANI, the defendant, from at least in or about 2008 to in or about 2017, during which time Victim-5 suffered from severe and chronic pain. From in or about 2008 to 2017, Victim-5 lived in New York state.

18.  From in or about 2008 to in or about 2017, CRUCIANI prescribed Victim-5 opioids, among other medications.   At CRUCIANI's direction: from in or about 2008 to in or about 2014, Victim-5 traveled to Manhattan, New York, for appointments with CRUCIANI; from in or about 2014 to in or about 2016, Victim-5 traveled from New York state to New Jersey, through the Southern District of New York, for appointments and visits with CRUCIANI; and from in or about 2016 to in or about 2017, Victim-5 traveled from New York state to Pennsylvania, through the Southern District of New York, for appointments and visits with CRUCIANI.  CRUCIANI knew that Victim-5 was traveling from out of state into New Jersey from in or about 2014 to in or about 2016 for appointments and visits with him, and that Victim-5 was traveling from out of state into Pennsylvania between at least in or about 2016 and in or about 2017 for appointments and visits with him.  CRUCIANI met Victim-5 in his medical offices and, at times, outside of his medical offices, including at hotels and apartments.   During these

10

appointments and visits, CRUCIANI sexually abused and/or attempted to sexually abuse Victim-5.

## STATUTORY ALLEGATIONS

### COUNT ONE
**(Enticement and Inducement to Travel to Engage in Unlawful Sexual Activity)**

The Grand Jury charges:

19.   The allegations contained in paragraphs 1 through 18 of this Indictment are repeated and realleged as if fully set forth within.

20.   From at least in or about 2002, up to and including in or about 2003, in the Southern District of New York and elsewhere, RICARDO CRUCIANI, the defendant, knowingly did persuade, induce, entice, and coerce an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, CRUCIANI persuaded, induced, enticed, and coerced Victim-1 to travel to Manhattan, New York, from another state, so that he could engage or attempt to engage in unlawful sexual activity with Victim-1, in violation of New York Penal Law Sections 130.52 and 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT TWO
### (Enticement and Inducement to Travel to Engage in Unlawful Sexual Activity)

The Grand Jury further charges:

21.   The allegations contained in paragraphs 1 through 18 of this Indictment are repeated and realleged as if fully set forth within.

22.   From at least in or about 2003, up to and including in or about 2004, in the Southern District of New York and elsewhere, RICARDO CRUCIANI, the defendant, knowingly did persuade, induce, entice, and coerce an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, CRUCIANI persuaded, induced, enticed, and coerced Victim-2 to travel to Manhattan, New York, from another state, so that he could engage or attempt to engage in unlawful sexual activity with Victim-2, in violation of New York Penal Law Sections 130.25, 130.52, 130.55, and 130.40.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT THREE
### (Enticement and Inducement to Travel to Engage in Unlawful Sexual Activity)

The Grand Jury further charges:

23.   The allegations contained in paragraphs 1 through 18 of this Indictment are repeated and realleged as if fully set forth within.

24.   From at least in or about 2006, up to and including in or about 2014, in the Southern District of New York and elsewhere, RICARDO CRUCIANI, the defendant, knowingly did persuade, induce, entice, and coerce an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, CRUCIANI persuaded, induced, enticed, and coerced Victim-3 to travel to Manhattan, New York, from another state, so that he could engage or attempt to engage in unlawful sexual activity with Victim-3, in violation of New York Penal Law Sections 130.40, 130.52, and 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT FOUR
### (Enticement and Inducement to Travel to Engage in Unlawful Sexual Activity)

The Grand Jury further charges:

25.   The allegations contained in paragraphs 1 through 18 of this Indictment are repeated and realleged as if fully set forth within.

26.   From at least in or about 2006, up to and including in or about 2014, in the Southern District of New York and elsewhere, RICARDO CRUCIANI, the defendant, knowingly did persuade, induce, entice, and coerce an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and

attempted to do the same, to wit, CRUCIANI persuaded, induced, enticed, and coerced Victim-4 to travel to Manhattan, New York, from another state, so that he could engage or attempt to engage in unlawful sexual activity with Victim-4, in violation of New York Penal Law Sections 130.40, 130.52, and 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT FIVE
### (Enticement and Inducement to Travel to Engage in Unlawful Sexual Activity)

The Grand Jury further charges:

27. The allegations contained in paragraphs 1 through 18 of this Indictment are repeated and realleged as if fully set forth within.

28. From at least in or about 2008, up to and including in or about 2017, in the Southern District of New York and elsewhere, RICARDO CRUCIANI, the defendant, knowingly did persuade, induce, entice, and coerce an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, CRUCIANI persuaded, induced, enticed, and coerced Victim-5 to travel from New York to (i) Hopewell, New Jersey, between in or about 2014 and in or about 2016, so that he could engage or attempt to engage in unlawful sexual activity with Victim-5, in violation of Sections 2C:14-2(c)(1) and 2C:14-3(b) of the New Jersey Code of Criminal

14

Conduct; and (ii) Philadelphia, Pennsylvania, between in or about 2016 to 2017, so that he could engage or attempt to engage in unlawful sexual activity with Victim-5, in violation of Section 3126(a) of the Pennsylvania Criminal Code.

(Title 18, United States Code, Sections 2422(a) and 2.)

## FORFEITURE ALLEGATION

29.   As a result of committing the offenses alleged in Counts One through Five of this Indictment, RICARDO CRUCIANI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property, real or personal, that was used or intended to be used to commit or facilitation the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses and proceeds traceable to the commission of said offenses.

## Substitute Asset Provision

30.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

15

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 2428; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

16

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**RICARDO CRUCIANI,**

Defendant.

---

**INDICTMENT**

21 Cr. _____ (____)

(18 U.S.C. §§ 2422(a), 2.)

---

DAMIAN WILLIAMS
United States Attorney

_Bria Conull_
Foreperson

---

TRUE BILL , SEALED INDICTMENT *

A.W.'s , ~~to meeted to DJ. CASTEL~~ *

10/18/2021