UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

| | |
|---|---|
| United States of America<br><br>v.<br><br>Ricardo Cruciani,<br><br>                    Defendant. | **Stipulated Protective Order**<br><br>**21 Cr. 636 (JPC)** |

Upon the application of the United States of America, with the consent of the undersigned counsel for Ricardo Cruciani (the "defendant"), and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government intends to make certain disclosures to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."

2. **Sensitive Disclosure Material / Tier-1.** Certain of the Government's disclosure material, referred to herein as the "sensitive disclosure material," contains or may contain material that (i) affects the privacy and confidentiality of individuals and certain entities; and/or (ii) identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Highly Sensitive Disclosure Material – Tier-2.** Certain of the Government's disclosure material, referred to herein as the "highly sensitive disclosure material," contains or may contain material that (i) affects the privacy, confidentiality of individuals and certain entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case; and/or (v) identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as highly sensitive disclosure material will be controlling absent contrary order of the Court.

4. **Extremely Sensitive Disclosure Material – Tier-3.** Certain of the Government's disclosure material, referred to herein as "highly sensitive information," may contain, for example, nude, partially-nude, or otherwise sexualized images, videos, or other depictions of individuals.

5. **Business Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "business sensitive information," contains or may contain information that may cause financial loss or other harm to the affected business or entity.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

6. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this criminal action, and not for any civil proceeding. The defense shall not post any disclosure material on any Internet site or network site

to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

7. Disclosure material that is <u>not</u> sensitive disclosure material, highly sensitive disclosure material, extremely sensitive disclosure material, or business sensitive disclosure material may be disclosed by defense counsel to:

    a. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    b. Prospective witnesses for purposes of defending this action.

8. **Sensitive Disclosure Material and Business Sensitive Disclosure Material** :

    a. Shall be maintained in a manner to assure its security, confidentiality, and protected designation under this Order;

    b. May not be disseminated, by copies or otherwise, by the defendant;

    c. May be possessed by the defendant for a maximum period of seven days at a time;

    d. May be disclosed only by defense counsel and only to designated persons as set forth herein;

    d. May be shown to, either in person, by videoconference, or via a read-only document review platform, to potential defense witnesses, as deemed necessary by defense counsel, for trial preparation, and only after such individual(s) have read and signed this Order acknowledging that such individual(s) are bound by this Order.  The potential defense witnesses may not record any videoconference session in which sensitive information is discussed or displayed.

9. **Highly Sensitive Disclosure Material:**

    a.    Shall be maintained in a manner to assure its security, confidentiality, and protected designation under this Order;

    b.    Shall be reviewed and possessed by the defendant solely in the presence of defense counsel;

    c.    May be disclosed only by defense counsel and only to designated persons as set forth herein;

    d.    May be shown to, either in person, by videoconference, or via a read-only document review platform, but not disseminated to or provided copies of to, the defendant and potential defense witnesses, to the extent deemed necessary by defense counsel, for trial preparation, and only after such individual(s) have read and signed this Order acknowledging that such individual(s) are bound by this Order.  The defendant and potential defense witnesses may not record any videoconference session in which sensitive information is discussed or displayed.

10. **Extremely Sensitive Disclosure Material**:

    a.    Shall be maintained in a manner to assure its security, confidentiality, and protected designation under this Order;

    b.    Shall not be disseminated, transmitted, or otherwise copied;

    c.    Shall be reviewed by the defendant solely in the presence of defense counsel;

    d.    Shall not be possessed outside the presence of defense counsel, or maintained, by the defendant;

    e. Shall be made available for inspection by defense counsel and the defendant, under the protection of law enforcement officers or employees; and

    f. Shall not be copied or otherwise duplicated by defense counsel or the defendant during such inspections.

  11. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

  12. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, the disclosure material, including sensitive disclosure material, highly sensitive disclosure material, and/or sensitive business disclosure material, pertinent to any motion, filing, or submission before the Court shall initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. *The parties shall comply with Rule 9 of the Court's Individual Rules and Practices in Criminal Cases when seeking to file any documents under seal.*

  13. Except for disclosure material that has been made part of the record of this case (*i.e.*, filed with the Court), the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

14. The defense shall provide a copy of this Order to prospective witnesses and persons retained by defense counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

15. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

16. The foregoing provisions shall remain in effect unless and until either (a) the Government and defense counsel mutually agree in writing otherwise; or (b) this Order is modified by further order of the Court.

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

[THE REMAINDER OF THE PAGE IS INTENTIONALLY BLANK.]

AGREED AND CONSENTED TO BY:

DAMIAN WILLIAMS
United States Attorney

By: _____     Date: 02/07/2022
Jane Kim / Jacqueline C. Kelly
Assistant United States Attorneys


RICARDO CRUCIANI
Defendant

By: *Mark Gombiner*     Date: 02/07/2022
Mark Gombiner, Esq.  Counsel
for Ricardo Cruciani


SO ORDERED:

Dated:   New York, New York
         February  7 , 2022

_____
THE HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK