M1JHCruC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                         21 Cr. 636 (JPC)

RICARDO CRUCIANI,
                                       Conference
                Defendant.

------------------------------x

                                       New York, N.Y.
                                       January 19, 2022
                                       10:10 a.m.

Before:

                HON. JOHN PETER CRONAN,

                                       District Judge

                     APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
JANE KIM
     Assistant United States Attorney

DAVID E. PATTON
     Federal Defenders of New York, Inc.
     Attorney for the Defendant
MARK GOMBINER
     -and-
ELIZABETH EDWARDS MACEDONIO
MARK L. FURMAN
     Attorney for Defendant
```

M1JHCruC

    (Case called)

    MS. KIM:  Good morning, your Honor.  Jane Kim, for the government.

    THE COURT:  Good morning, Ms. Kim.

    MS. MACEDONIO:  Good morning, your Honor.  Elizabeth Macedonio, Mark Furman, and Fred Sosinsky, for Mr. Cruciani.

    Your Honor, I apologize, Mr. Sosinsky had a previously scheduled telephone status conference.  He should be in in about two minutes.

    THE COURT:  Understood.  Thank you, Ms. Macedonio.  I believe Mr. Gombiner -- and good morning, Mr. Gombiner -- may have something at 10:30, which is why I wanted to get started early.

    MR. GOMBINER:  Thank you, Judge.  I was going to tell the Court that.  Thank you.  Mark Gombiner, Federal Defenders.  I was asked to be here today.

    THE COURT:  Thank you for joining.  And that's right, I asked Mr. Gombiner to join.

    The purpose of today's proceeding is to discuss appointment of counsel.  I understand Mr. Gombiner may be the duty Federal Defender today.

    By way of quick background, as the parties are, of course, well aware, I received a letter on November 29 from counsel for Mr. Cruciani seeking to be relieved as counsel and have counsel appointed pursuant to the Criminal Justice Act.

The letter indicated inability to continue to pay for retained counsel.

I held a conference a couple of days -- a few days after that at which I ordered a more detailed affidavit from the defendant to discuss his eligibility, financial eligibility, for appointed counsel. In particular, I ask that the affidavit more clearly set out assets, liabilities, transfer of funds, income. I received that affidavit. I believe it was dated January 6 and -- yes, January 6. Counsel asked that it be filed under seal and *ex parte*.

On January 13, the government opposed that request citing some decisions in this circuit holding that applications for appointment of counsel should be addressed in open adversarial proceedings and that an application for appointment of counsel should be treated as a judicial document subject to the common law presumption of public access under the Second Circuit decision in *Lugosch* and other cases like that.

I received a response from Mr. Cruciani's counsel yesterday that largely relied on Judicial Conference guidelines which provide that financial affidavits filed that seek representation under the Criminal Justice Act should not be included in the public file and should not be made available to the public, whether via electronic access or at the courthouse.

So long way of saying there are two issues, and I think the first one will be easier to deal with, and that's the

M1JHCruC

appointment of counsel.  I've reviewed the affidavit, and I will appoint counsel pursuant to the Criminal Justice Act, and I will appoint Mr. Gombiner as counsel.

Ms. Macedonio, I ask that you and your colleagues provide to Mr. Gombiner any files in this case, although I'm not sure if discovery has been produced yet, but in particular, the financial affidavit that you provided me, since we'll turn to that in a moment.

MS. MACEDONIO:  Of course, your Honor, we will do that.

THE COURT:  So, Mr. Gombiner, what I was thinking -- and I want to get your thoughts on this, Ms. Kim's thoughts as well -- I would keep the financial affidavit under seal and *ex parte* for at least two weeks to allow you the opportunity to address the issue and brief the issue.  If after discussing with your client that you will seek to continue to have the affidavit sealed and not shared with the government, I do think there are some issues that you would need to address, and those are largely issues addressed by -- or raised, I should say, by Ms. Kim in her letter.  Maybe I'll just point them out quickly now.

The first one is Judge Furman's decision in the recent *Avenatti* case.  In that decision he noted that the guidance of the Judicial Conference, which I mentioned earlier, does not provide a basis for the Court to seal financial affidavit,

especially given the First Amendment's foundation of the public's right to access.

There are also letters submitted by Ms. Macedonio and her colleagues citing some out-of-circuit decisions which the parties, obviously, should look at, but there have been some Second Circuit decisions, *United States v. Harris* and *United States v. Suarez*. I know *Harris* was cited by Ms. Kim; *Suarez* may have been as well. I'm not positive about that. And there's also a decision from Judge Sweet in *United States v. Hilsen*.

You also might want to consider addressing part of the CJA plan for this district. Section 6(e) precludes the ability of the government to use information in a financial disclosure affidavit in the government's direct case, other than a prosecution for perjury or false statements. I mention that because it would seem to indicate -- or at least it would seem to contemplate an affidavit of that sort being shared with the government.

So I apologize for going on for a bit. I wanted, Mr. Gombiner, to flag those issues for you, see if you want to take me up on the opportunity to brief it in two weeks, and during that time, I will keep the materials under seal and *ex parte*.

MR. GOMBINER: Judge, I just would say, though, I'm kind of startled to hear that this is an issue. I've had many,

1  many, many cases in magistrate's court where I've been
2  appointed as counsel, and we do not share the financial
3  affidavits with the government, and no one has ever suggested
4  otherwise.
5         So I'm not clear why this is so different, but I'll
6  address it further.  But it does concern me, though.  I think
7  that could have a chilling effect on people if they realize
8  that anything they put in a financial affidavit to obtain
9  counsel would have to be shared with the government and with
10 the public.  I don't see -- I also don't see why the government
11 would need to know that.
12        THE COURT:  Well, Mr. Gombiner --
13        MR. GOMBINER:  So I'm just flagging that.
14        THE COURT:  I will say this:  My reaction was not
15 unlike yours.  I was somewhat surprised to see the case law the
16 government pointed me to.  I was not -- I am not aware of any
17 instances where financial affidavits are shared, if any, which
18 is why I want to give you the opportunity to --
19        MR. GOMBINER:  OK.  Thank you.
20        THE COURT:  -- to address.
21        I also would say, in your submission you should also
22 think about whether there are redactions that could be made or
23 whether you may want to propose a more streamlined version of
24 the affidavit than the one that was submitted to me.
25        Two weeks from today, Mr. Gombiner, will bring you to

M1JHCruC

1   February 2.
2           Ms. Kim, I'll give the government a week to respond to
3   anything from Mr. Gombiner, which would be February 9.  Would
4   that work for you?
5           MS. KIM:  Yes, your Honor.
6           THE COURT:  So let me talk about discovery and where
7   we are; meaning, Ms. Kim, you want to take a moment to
8   summarize for Mr. Gombiner what discovery would look like in
9   this case and where things stand in terms of a protective
10  order, which I think you may still be discussing.
11          MS. KIM:  Yes, your Honor.  And just one additional
12  point on the financial affidavit.
13          I just want to make clear on the record that in
14  connection with the defense's November 29 submission, the
15  government actually has already received a copy of the
16  financial affidavit, which was sent from the defense to the
17  Court and the government under seal.  So just want to make sure
18  that everyone is aware of that.
19          THE COURT:  I apologize to interrupt.  You're
20  referring to the first affidavit?
21          MS. KIM:  Yes.
22          THE COURT:  Got it.
23          MS. KIM:  Yes.  With respect to discovery, where we
24  are right now is that discovery has not yet been produced.  We
25  will consult with Mr. Gombiner with respect to a protective

1   order that we hope to send to the Court as soon as possible and
2   about the size of the terabyte hard drive and sort of the
3   formatting of some of the documents.
4            The discovery in this case includes search warrant
5   returns from the defendant's email accounts and subpoena
6   returns, as well as medical records of certain of the victims.
7   And so, as discussed last fall, the discovery is substantial in
8   this case, and so we will need a large hard drive from the
9   defense.  But the government is prepared to produce that as
10  soon as we can get it copied.
11           THE COURT:  This case has been going on for a little
12  bit of time now.  I believe the arraignment was three months
13  ago.  So I do want to make sure everything is moving in a
14  timely manner.
15           Mr. Gombiner, when would you propose coming back again
16  for a status conference?
17           MR. GOMBINER:  Well, I mean, just speaking to previous
18  defense counsel, which is my basic knowledge of this case right
19  now, it sounds quite complex and seems like there are a lot of
20  moving parts.  I mean, I would suggest coming back in 90 days,
21  because I don't think we're really going to be in a position to
22  do anything useful before that.  So that's my suggestion.
23           THE COURT:  Ms. Kim, 90 days, given the volume of
24  discovery, does that make sense to you?
25           MS. KIM:  That's fine, your Honor.  Thanks.

1                THE COURT:  Is discovery ready to be produced,
2    assuming you receive the hard drive and the protective order is
3    entered?
4                MS. KIM:  Yes.  It's really just a matter of copying
5    it onto the hard drive.
6                THE COURT:  So if discovery is not produced within two
7    weeks, and hopefully it will be sooner than that, I'll ask that
8    you provide a status letter and let me know.  I may have
9    another conference to make sure that that gets moving, but if I
10   don't hear from you, I'll assume it's been produced.
11               I know you're brand new to the case, Mr. Gombiner.  Is
12   there anything further you wish to address this morning?
13               MR. GOMBINER:  No.  Nice to see you, Judge.
14               THE COURT:  Same here.
15               And Ms. Kim?
16               MS. KIM:  No, your Honor.  Thank you.
17               THE COURT:  So let's figure out a date in 90 days.
18               Ms. Kim, I think we have a conference in this case
19   scheduled for Friday.  Do you agree we should adjourn that?
20               MS. KIM:  Yes, your Honor.
21               THE COURT:  Why don't we have our next status
22   conference April 19 at 9:30 a.m.  Does that work for both of
23   you?
24               MR. GOMBINER:  Yes, Judge.
25               MS. KIM:  Yes, your Honor.

                MR. GOMBINER:  That's fine.

                THE COURT:  Is there an application from the government?

                MS. KIM:  Yes, your Honor.  The government respectfully requests that the Court exclude time from today until the next conference on April 19.  That time would allow the parties to discuss a potential pretrial disposition and for the government to produce discovery and the defense to review it.

                THE COURT:  Mr. Gombiner?

                MR. GOMBINER:  Although I don't think those are good reasons, we would consent to an exclusion based on the complexity of the case.  I think that's the appropriate speedy trial exclusion.

                THE COURT:  Would you agree that includes the volume of discovery?

                MR. GOMBINER:  Yes, yes, yes.  So on that basis we would agree.  Thank you.

                THE COURT:  I will exclude time from today until April 19, 2022, pursuant to Title 18, United States Code, Section 3161(h)(7)(A).  I find that the ends of justice and thereby excluding such time outweigh the interests of the public and the defendant in a speedy trial, and that is to allow for the defense to receive and review discovery in this matter, which I understand to be rather voluminous.  It will

1  also allow the parties to discuss a protective order and for
2  the government to provide it to the defense.
3              Are there any other matters we should address today?
4              MS. KIM:  Not from the government, your Honor.
5              MR. GOMBINER:  No, your Honor.  Thank you.
6              THE COURT:  Great.  Well, thank you all.
7              Mr. Cruciani, I do see you.  And thank you to your
8  attorneys as well for their service in this case.
9              I'll see everyone on -- not everyone.  I'll see
10 Mr. Gombiner, Mr. Cruciani, and Ms. Kim on April 22.
11             (Adjourned)